Filed 5/2/14  In re Marcus M. CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re MARCUS M., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, Plaintiff and Respondent, v. MARCUS M., Defendant and Appellant. | F067792 (Super. Ct. No. JW128418-02) **OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Peter Warmerdam, Juvenile Court Referee.

Roshni Mehta, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Poochigian, Acting P.J., Detjen, J. and Peña, J.

The court found appellant, Marcus M., was a person described in Welfare and Institutions Code section 602, after it sustained allegations charging him with two counts of robbery (counts 1 & 2/Pen. Code, § 212.5, subd. (c)) and one count each of attempted robbery (count 3/Pen. Code, §§ 664 & 212.5, subd. (c)) and violation of probation (count 4/Welf. & Inst. Code, § 777, subd. (a)(2)). Following independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), we affirm.

## PROCEDURAL AND FACTUAL HISTORY

On June 28, 2013, at 9:50 p.m., David S., Jason A., and Michael P., were riding bicycles on a bike path at California State University Bakersfield when they saw a group of about eight people, including appellant, walking on the path ahead of them.[1] David and his companions rode single file, with David in front, as they approached appellant's group from behind. As they passed the group, Jason said, "What's up?" Someone from the group then said, "Hey, nice bike," and appellant and his friends pinned Jason against a wall. When David looked back, he saw three or four people hitting Jason and two to three people run to Michael and start hitting him. Meanwhile, appellant ran up to David's left side, reached for his waistband, and said, "I got a gun. You want to get shot?" Jason was then able to ride to David's location, prompting appellant to grab the handlebar on Jason's bicycle, which allowed David to flee on his bike. Appellant's group, however, took the bicycles away from Jason and Michael.

David reported the incident to the campus police soon after it happened. At approximately 3:37 a.m., Michael contacted Officer Scott Jellitich and informed him that he had located photographs on Facebook of two of the people involved in the robbery: appellant and Anthony M.

Officer Jellitich determined appellant was on probation and located an address for him. At approximately 6:32 a.m., he went to the address and spoke with appellant's

---

[1]     Michael and David had seen appellant's group earlier that evening at a commercial area called The Market Place.

2

mother who told him appellant might be in an adjoining apartment or in an apartment located in front of her apartment. Officer Jellitich went to the adjoining apartment and found the two stolen bicycles in a bedroom. He then found appellant in the other apartment identified by appellant's mother.

Appellant initially denied any knowledge of or involvement in the robbery. After the officer told appellant he did not believe him, appellant admitted he had been at The Market Place the previous evening with two other juveniles. According to appellant, two unknown juveniles joined them when they began walking to a party. As appellant and his friends walked on the bicycle path, he heard some yelling behind him. Appellant turned around and saw the two unknown juveniles punching and kicking some juveniles on bicycles. The two unknown juveniles then rode off with the bicycles and that was the last time appellant saw the unknown juveniles. When the officer told appellant his story was unbelievable, appellant replied that it was hard to believe, but it was the truth.

On July 2, 2013, the district attorney filed a petition charging appellant with two counts of robbery (counts 1 & 2) and one count each of attempted robbery (count 3) and violation of probation (count 4).

On July 25, 2013, following a contested jurisdictional hearing, the court sustained the four charges in the petition.

On August 8, 2013, the court set appellant's maximum term of confinement at seven years and committed him to the Kern County Crossroads Facility.

Appellant's appellate counsel has filed a brief which summarizes the facts, with citations to the record, raises no issues, and asks this court to independently review the record. (*Wende*, *supra,* 25 Cal.3d 436.) Appellant has not responded to this court's invitation to submit additional briefing.

Following an independent review of the record we find that no reasonably arguable factual or legal issues exist.

3

# **DISPOSITION**

The judgment is affirmed.